**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH WHITE,<br><br>Plaintiff,<br><br>v.<br><br>LEONEL RAYGOZA<br>(Serve: Leonel Raygoza<br>921 Westchester Blvd.<br>Westchester, IL 60154)<br><br>AND<br><br>PLANET GROUP, INC.,<br>(Serve: Roman L. Sroka<br>7N183 Falcons Trl.<br>Saint Charles, IL 60175)<br><br>AND<br><br>AMAZON LOGISTICS, INC.,<br>(Serve: CSC – Lawyers Incorporating Service Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101)<br><br>Defendants. | ) | Cause No. 4:26-cv-1013<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Keith White, by and through the undersigned counsel of Keane Law LLC, and for his cause of action against Defendants, Mr. Leonel Raygoza, Planet Group, Inc., and Amazon Logistics, Inc., Plaintiff states as follows:

## PARTIES

1. Plaintiff Keith White is a resident and citizen of the State of Missouri.

2. Defendant Leonel Raygoza is a resident and citizen of the State of Illinois.

3. Defendant Planet Group, Inc. is a Domestic Corporation, registered, maintaining its principal place of business in the State of Illinois; that at all relevant times herein mentioned, Defendant Planet Group, Inc., as part of its usual and customary business, acted as a commercial motor carrier engaged in interstate commerce, transporting goods in the State of Missouri and throughout the United States.

4. At all relevant times herein mentioned, Defendant Leonel Raygoza was an employee, servant, and/or agent of Defendant Planet Group, Inc. and was working in the course and scope of his agency, servantry, and/or employment.

5. Defendant Amazon Logistics, Inc., is a corporation organized and existing under the laws of Delaware, maintaining its principal place of business in the State of Washington, and registered to do business in the State of Missouri; that at all relevant times herein mentioned, Defendant Amazon Logistics, Inc., as part of its usual and customary business, acted as a commercial motor carrier engaged in interstate commerce, transporting goods in the State of Missouri and throughout the United States.

6. At all relevant times herein mentioned, Defendant Leonel Raygoza was an employee, servant, and/or agent of Defendant Amazon Logistics, Inc. and was working in the course and scope of his agency, servantry, and/or employment.

7. At all relevant times herein mentioned, each Defendant acted as an agent and/or servant of each Defendant and was working in the course and scope of said agency and/or servantry.

8. At all relevant times herein mentioned, Defendant Planet Group, Inc. was engaged in a joint venture with Defendant Amazon Logistics, Inc.

9. At all relevant times herein mentioned, Defendant Planet Group, Inc. and Defendant Amazon Logistics, Inc. had entered into an express agreement to transport goods across the country for profit, to be carried out by and through their mutual agents and/or servants, including Defendant Leonel Raygoza.

10. At all relevant times herein mentioned, Defendant Planet Group, Inc. and Defendant Amazon Logistics, Inc. each had an equal right of control in the direction of the joint venture, including the manner in which the goods were to be delivered.

11. At all relevant times herein mentioned, Defendants operated together for a common purpose to transport goods across the country for profit. To-wit: "Defendants' Vehicle" bore the logo and DOT number of Defendant Planet Group, Inc. – affixed to the "Planet Truck," while the "Defendants' Vehicle" – on the "Amazon Trailer" – was marked with Amazon Logistics, Inc.'s slogan, "prime," and bore the logo of Amazon Logistics, Inc. These markings represented that Defendants had the legal authority to transport the goods and provide apparent authority for both entities to exercise control over the Planet Truck, Amazon Trailer, and the load of goods. Both Defendant Planet Group, Inc., and Defendant Amazon Logistics, Inc. exercised joint control over the load, Defendants' Vehicle, and Defendant Raygoza.

12. At all relevant times herein mentioned, Defendants were acting as an employee, servant, and/or agent of each defendant, who in turn were acting in the course and scope of said employment, servantry, and/or agency.

13. At all relevant times herein, Defendant Raygoza was acting individually, according to an express or implied agreement, and/or as an agent, servant and/or employee of the defendant Planet Group, Inc., and/or Amazon Logistics, Inc., and/or the joint venture of both, acting within

the course and scope of his agency and employment for said Defendants who either controlled or had the right to control Defendant Raygoza's actions.

14. At all relevant times herein mentioned, Defendant Planet Group, Inc., acted individually, and by and through its agents, servants, and/or employees, including Defendant Raygoza acting according to an express or implied agreement, within the course and scope of his agency and/or employment for Defendant Planet Group, Inc.

15. At all relevant times herein mentioned, Defendant Amazon Logistics, Inc., acted individually, and by and through its agents, servants, and/or employees, including Defendant Raygoza acting according to an express or implied agreement, within the course and scope of his agency and/or employment for Defendant Amazon Logistics, Inc.

16. At all relevant times herein mentioned, Defendants Planet Group, Inc., and Amazon Logistics, Inc.'s joint venture acted individually, and by and through its agents, servants, and/or employees, including Defendant Raygoza acting according to an express or implied agreement, within the scope and course of his agency and/or employment for Defendants Planet Group, Inc., and Amazon Logistics, Inc.'s joint venture.

17. This Court has personal jurisdiction over Defendant Raygoza because he has minimum contacts with Missouri and committed tortious actions in Missouri.

18. This Court has personal jurisdiction over Defendant Planet Group, Inc. because it has minimum contacts with Missouri and committed tortious actions in Missouri.

19. This Court has personal jurisdiction over Defendant Amazon Logistics, Inc. because it has minimum contacts with Missouri and committed tortious actions in Missouri.

## VENUE

20. On or about May 4, 2024, Plaintiff was first injured during, and as a direct and proximate result of, an automotive-trucking collision (the "Crash") which occurred in St. Louis County, Missouri.

21. Venue is proper in the Eastern Division of the Eastern District of Missouri because

a. The District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00; and

b. The matter is between citizens of different States; and

c. Plaintiff was injured by events occurring, and this claim for relief arose, in St. Louis County, within the Eastern Division of the Eastern District of Missouri.

*See* 28 U.S.C. §§ 1332 and 1391 (2024), *also* (E.D.Mo. L.R. 2.07 (B)(3).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22. The subject motor vehicle collision (the "Crash") occurred on May 4, 2024 at approximately 4:11 PM.

23. On May 4, 2024 at approximately 4:10 PM, Plaintiff was driving a black Pickup Truck, a 2005 Dodge Chrysler 2500 owned by Plaintiff Keith White ("Plaintiff's Vehicle").

24. On May 4, 2024 at approximately 4:10 PM, Defendant Leonel Raygoza was driving a blue 2012 Volvo VNM owned by Defendant Planet Group, Inc., (the "Planet Truck") bearing the words "Planet Group, Inc.," and USDOT# 2400741 on the driver and passenger doors.

25. On May 4, 2024 at approximately 4:10 PM, the Planet Truck was hauling a large blue 2025 Great Dane Trailer bearing the word "prime" and the logo of Defendant Amazon Logistics, Inc. (the "Amazon Trailer").

26. Defendant Amazon Logistics, Inc. owned the Amazon Trailer and leased it to Defendant Planet Group, Inc.

27. At all relevant times herein mentioned, Defendant Raygoza was an employee and an agent for Defendant Planet Group, Inc. and Defendant Raygoza was acting within the scope and course of his employment and/or agency for Defendant Planet Group, Inc.

28. At all relevant times herein mentioned, Defendant Raygoza was an employee and agent for Defendant Amazon Logistics, Inc. and Defendant Raygoza was acting within the scope and course of his employment and/or agency for Defendant Amazon Logistics, Inc.

29. At all relevant times herein mentioned, Defendant Raygoza was an employee and agent for the joint venture of Defendant Planet Group, Inc. and Defendant Amazon Logistics, Inc. and Defendant Raygoza was acting within the scope and course of his employment and/or agency for the joint venture of Defendant Planet Group, Inc. and Defendant Amazon Logistics, Inc.

30. On or about May 4, 2024, at approximately 4:10 PM, Plaintiff was driving Eastbound on MO HWY 370 in the right-hand lane.

31. MO HWY 370 is now, and was at all relevant times herein mentioned, an open and public street, highway, and thoroughfare located within St. Louis County and the State of Missouri.

32. On or about May 4, 2024, at approximately 4:10 PM, it was daylight and MO HWY 370 was visible and well lit; there were no adverse lighting or visibility conditions present.

33. On or about May 4, 2024, at approximately 4:10 PM, the weather was cloudy and rainy, leaving the concrete surface of MO HWY 370 slippery and wet.

34. On or about May 4, 2024, at approximately 4:10 PM, Defendant Raygoza was driving the Planet Truck, hauling the Amazon Trailer (together, the "Defendants' Vehicle"), travelling Westbound on MO HWY 370 in the right-hand lane.

35. On or about May 4, 2024 at approximately 4:11 PM, Defendant Raygoza caused Defendants' Vehicle to skid and slide across the roadway out of the right-hand lane, across the middle and left-hand lanes of Westbound MO HWY 370; that Defendants' Vehicle was caused to jackknife as it continued sliding, running off the roadway to the left; that Defendants' Vehicle was caused to collide with – and crash through – the concrete median of MO HWY 370, continuing into oncoming traffic across all three lanes of Eastbound MO HWY 370.

36. On or about May 4, 2024 at approximately 4:11 PM, Defendant Raygoza caused Defendants' Vehicle to continue sliding into oncoming traffic on Eastbound MO HWY 370; that Defendants' Vehicle was caused to violently strike and collide with the driver's side of a vehicle – a white 2015 Lincoln MKS, being operated by a non-party, Mr. Jeffrey Whitaker ("Whittaker's Vehicle") – in the left-hand lane of Eastbound MO HWY 370.

37. On or about May 4, 2024 at approximately 4:11 PM, Defendant Raygoza caused Defendants' Vehicle to collide with – and continue through – Whittaker's Vehicle, travelling further into oncoming traffic on Eastbound MO HWY 370; that Defendant Raygoza caused Defendants' Vehicle to violently strike and collide with the concrete barrier to the South of MO HWY 370, where it came to a rest blocking the middle and right-hand lanes of Eastbound MO HWY 370.

38. On or about May 4, 2024 at approximately 4:11 PM, Plaintiff observed Defendants' Vehicle sliding from the Westbound lanes of MO HWY 370, crashing through the concrete median, crashing through Whittaker's Vehicle, travelling across the Eastbound lanes of MO HWY 370, and crashing into the concrete barrier to the South of MO HWY 370 – blocking the immediate path of Plaintiff's Vehicle.

39. On or about May 4, 2024 at approximately 4:11 PM, the subject motor vehicle collision occurred as Defendant Raygoza caused Defendants' Vehicle to block the path of Plaintiff's Vehicle, causing Plaintiff's Vehicle to violently strike and collide with the passenger side of Defendants' Vehicle (the "Crash").

40. Defendant Raygoza admitted to Plaintiff at the scene, that Defendant was searching for, reaching for, holding, and/or using a cell phone immediately before the Crash.

41. Missouri Statute prohibits an operator from using – even holding – a cell phone while operating a motor vehicle. *See* R.S.Mo § 304.822 (2023).

42. At all relevant times, but especially immediately before the Crash, Plaintiff used the highest degree of care in operating his vehicle, and made all possible and reasonable attempts to avoid the Crash – including, but not limited to – keeping a proper lookout in front of him, leaving adequate space between his vehicle and others on the roadway, travelling at a safe speed during the rainy and wet conditions present, steering Plaintiff's Vehicle to the right in an effort to avoid Defendants' oncoming Vehicle, and fully engaging his brakes to the point of locking up in effort to slow, slacken the speed of, or stop Plaintiff's Vehicle, in an effort to avoid Defendants' Vehicle.

43. The Crash occurred as a direct and proximate result of Defendant Raygoza driving Defendants' Vehicle negligently and carelessly, including by, but not limited to, failing to keep a proper lookout, failing to leave adequate space between Defendants' Vehicle and others on the roadway, failing to operate Defendants' Vehicle at a safe speed for the rainy, slippery, and wet conditions present, failing to slow, slacken the speed of, or stop Defendants' Vehicle, failing to avoid a collision with the concrete median on MO HWY 370, with Whittaker's Vehicle, with the concrete barrier South of MO HWY 370, and/or with Plaintiff's Vehicle, and/or alternatively,

failing to use the highest degree of care in operating a motor vehicle on Missouri public roads and highways.

44. The Crash occurred as a direct and proximate result of Defendant Raygoza negligently and carelessly operating Defendants' Vehicle while searching for, reaching for, and/or using a cell phone.

45. By searching for, reaching for, holding, and/or using a cell phone while operating Defendant's Vehicle, Defendant Raygoza operated Defendants' Vehicle recklessly, acting with gross indifference to, and a willful and wanton, deliberate and flagrant disregard for the safety of Plaintiff and others.

**COUNT I**

**(Negligence – Against Defendant Raygoza and Defendant Planet Group, Inc.)**

46. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 45 of Plaintiff's Complaint for Damages as if fully set forth herein.

47. As a direct and proximate result of the Crash, Plaintiff suffered injuries to his neck, back, spine, torso, head, brain, hand, wrist, arm, and all of the bones, joints, muscles, tendons, ligaments, nerves, skin, vessels, and intervertebral discs thereof were caused to be severely bruised, contused, lacerated, sprained, strained, herniated, dislocated, and rendered swollen and inflamed; Plaintiff has suffered and will ever suffer in the future, severe fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life as a direct and proximate result thereof; and the use, movement, and function of the aforesaid injured parts have been severely and permanently impaired and diminished.

48. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff was caused to undergo certain reasonable and necessary

hospital and medical care and treatment, for which Plaintiff has been caused to incur or become indebted in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as of the date of this filing.

49. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff will be caused to undergo future medical care and treatment and to incur or become indebted for further such large sums.

50. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff's ability to work, to labor, and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

51. Defendant Leonel Raygoza, at all times herein mentioned, was an employee and an agent for Defendant Planet Group, Inc., and Defendant Raygoza was acting within the scope and course of his employment and/or agency for Defendant Planet Group, Inc.

52. Defendant Raygoza was operating a vehicle owned by Defendant Planet Group, Inc., and hauling a trailer owned by Defendant Amazon Logistics, Inc.

53. At all times herein mentioned, Defendant Raygoza owed a duty to Plaintiff and others to exercise the highest degree of care in operation of Defendants' Vehicle.

54. The Crash and the resulting injuries and damages sustained by Plaintiff were directly and proximately caused by the negligence, carelessness, and/or recklessness of Defendant Raygoza in the operation, maintenance, and control of Defendants' Vehicle.

55. Defendants breached their duty(ies) to Plaintiff and others in the following respects, to-wit:

a. Defendant Raygoza negligently and carelessly failed to keep and maintain a constant, careful, and vigilant watch and lookout ahead and laterally as to see and

discover the presence and movement of hazards and other vehicles at and near the aforesaid location;

b. Defendant Raygoza negligently and carelessly failed to leave adequate space between Defendants' Vehicle and others on the roadway;

c. Defendant Raygoza negligently and carelessly operated Defendants' Vehicle at a rate of speed that was high, excessive, and dangerous under the circumstances and conditions then and there existing;

d. Defendant Raygoza negligently and carelessly failed to comply with the posted speed limit;

e. Defendant Raygoza negligently and carelessly failed to reduce speed, operating a motor carrier at an excessive speed for the conditions;

f. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle in an overly aggressive manner;

g. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle while fatigued;

h. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle while distracted;

i. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle while searching for, reaching for, holding, and/or using a cell phone;

j. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle in a careless and reckless manner;

k. Defendant Raygoza negligently and carelessly failed to observe Plaintiff's Vehicle;

l. Defendant Raygoza negligently and carelessly violated Federal Motor Carrier Safety Regulations;

m. Defendant Raygoza negligently and carelessly collided with Plaintiff's Vehicle;

n. Defendant Raygoza negligently and carelessly failed to attend to the roadway;

o. Defendant Raygoza negligently and carelessly failed to stop Defendants' Vehicle, slacken the speed thereof, change the course thereof, swerve the same aside, or sound a warning of his approach and movement, when, in the exercising of the highest degree of care, he could and should have done so and thereby avoided the aforesaid occurrence in the resulting injuries sustained by Plaintiff; and

p. Such further negligence and careless acts and omissions as the evidence and discovery will reveal.

56. Defendant Raygoza drove Defendants' Vehicle negligently and carelessly and with deliberate and flagrant disregard for the safety of Plaintiff and others.

57. The conduct of Defendants as described above and herein demonstrated a gross indifference and a willful, wanton, and reckless and conscious disregard for the safety of Plaintiff and others, justifying an award of aggravating circumstance damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Keith White states that he has been damaged, for which damage Plaintiff prays judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, together with punitive damages, pre-judgment interest, and his costs in this behalf expended, and for such other relief that this Court deems just and proper under these circumstances.

**COUNT II**

**(Negligence *Per Se* – Against Defendant Raygoza and Defendant Planet Group, Inc.)**

58. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 57 of Plaintiff's Complaint for Damages as if fully set forth herein.

59. As a direct and proximate result of the Crash, Plaintiff suffered injuries to his neck, back, spine, torso, head, brain, hand, wrist, arm, and all of the bones, joints, muscles, tendons, ligaments, nerves, skin, vessels, and intervertebral discs thereof were caused to be severely bruised, contused, lacerated, sprained, strained, herniated, dislocated, and rendered swollen and inflamed; Plaintiff has suffered and will ever suffer in the future, severe fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life as a direct and proximate result thereof; and the use, movement, and function of the aforesaid injured parts have been severely and permanently impaired and diminished.

60. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff was caused to undergo certain reasonable and necessary hospital and medical care and treatment, for which Plaintiff has been caused to incur or become indebted in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as of the date of this filing.

61. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff will be caused to undergo future medical care and treatment and to incur or become indebted for further such large sums.

62. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff's ability to work, to labor, and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

63. Defendant Raygoza owed a duty to Plaintiff and others to exercise the highest degree of care in the operation of Defendants' Vehicle. This duty includes refraining from violating Federal and Missouri statutes, ordinances, and municipal codes.

64. Defendant Planet Group, Inc., and its agents, servants, and employees, including Defendant Raygoza, at all relevant times herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted in Missouri Revised Statutes at Chapter(s) 300, 304, and 307, and owed a duty to Plaintiff and others to obey and follow the provisions thereof.

65. The acts and omissions set forth above constituted violations of the Missouri Revised Statutes regarding the regulation of motor vehicles and traffic as set forth with more specificity in Chapter 300, 304, and 307 of the Missouri Revised Statutes, including but not limited to: Mo. Rev. Stat. §§ 304.012, 304.822, and 307.020.

66. The acts and omissions set forth above constituted violations of the Federal Motor Carrier Safety Regulations regarding the regulation of motor vehicles as set forth with more specificity in Chapter 390, 392, 397, and 571 of the Code of Federal Regulations, including but not limited to: 49 CFR §§ 390.11, 392.1, 392.3, 392.7, 392.9, 392.14, 392.80, 392.82, and 393.11.

67. The subject statutes, codes, and regulations, including those described above, are designed to protect Plaintiff and members of the public generally from the hazards that arise from the operation of motor vehicles.

68. Plaintiff was within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiff sustained.

69. The conduct of Defendants as described above demonstrated a gross indifference and a willful, wanton, and reckless and conscious disregard for the safety of Plaintiff and others, justifying an award of aggravating circumstance damages in such sum which will serve to punish and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Keith White states that he has been damaged, for which damage Plaintiff prays judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, together with punitive damages, pre-judgment interest, and his costs in this behalf expended, and for such other relief that this Court deems just and proper under these circumstances.

**COUNT III**

**(Negligence – Against Defendant Planet Group, Inc.)**

70. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 69 of Plaintiff's Complaint for Damages as if fully set forth herein.

71. As a direct and proximate result of the Crash, Plaintiff suffered injuries to his neck, back, spine, torso, head, brain, hand, wrist, arm, and all of the bones, joints, muscles, tendons, ligaments, nerves, skin, vessels, and intervertebral discs thereof were caused to be severely bruised, contused, lacerated, sprained, strained, herniated, dislocated, and rendered swollen and inflamed; Plaintiff has suffered and will ever suffer in the future, severe fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life as a direct and proximate result thereof; and the use, movement, and function of the aforesaid injured parts have been severely and permanently impaired and diminished.

72. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff was caused to undergo certain reasonable and necessary hospital and medical care and treatment, for which Plaintiff has been caused to incur or become indebted in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as of the date of this filing.

73. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff will be caused to undergo future medical care and treatment and to incur or become indebted for further such large sums.

74. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff's ability to work, to labor, and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

75. At all relevant times herein mentioned, Defendant Raygoza was an employee and/or an agent for Defendant Planet Group, Inc. and Defendant Raygoza was acting within the scope and course of his employment and/or agency for Defendant Planet Group, Inc.

76. At all relevant times herein mentioned, Defendant Planet Group, Inc. had a duty to exercise reasonable care in hiring, training, monitoring, supervising, and retaining its employee and agent drivers, including Defendant Raygoza.

77. Defendant Raygoza was operating Defendants' Vehicle, owned by Defendant Planet Group, Inc., and Defendant Planet Group, Inc. is vicariously liable for Leonel Raygoza's actions.

78. The Crash, described above and herein, occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant Planet Group, Inc. in the following respects, to-wit:

a. Defendant Planet Group, Inc., negligently and carelessly allowed Defendant Raygoza to operate motor vehicles on public roadways when it knew or should have known Raygoza was unfit to do so;

b. Defendant Planet Group, Inc., negligently and carelessly qualified Defendant Raygoza to operate motor vehicles on public roadways;

c. Defendant Planet Group, Inc., negligently and carelessly hired Defendant Raygoza;

d. Defendant Planet Group, Inc., negligently and carelessly retained Defendant Raygoza;

e. Defendant Planet Group, Inc., negligently and carelessly entrusted a commercial vehicle, including Defendants' Vehicle, to Defendant Raygoza;

f. Defendant Planet Group, Inc., negligently and carelessly supervised Defendant Raygoza;

g. Defendant Planet Group, Inc., negligently and carelessly trained Defendant Raygoza;

h. Defendant Planet Group, Inc., negligently and carelessly failed to maintain proper and adequate policies and procedures regarding driving safety, especially where rainy and/or wet road conditions were present, and including but not limited to policies restricting the use of a cell phone while operating a commercial vehicle, including Defendants' Vehicle; and

i. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

79. The conduct of Defendants as described above demonstrated a gross indifference and a willful, wanton, and reckless and conscious disregard for the safety of Plaintiff and others,

justifying an award of aggravating circumstance damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Keith White states that he has been damaged, for which damage Plaintiff prays judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, together with punitive damages, pre-judgment interest, and his costs in this behalf expended, and for such other relief that this Court deems just and proper under these circumstances.

## COUNT IV

**(Negligence – Against Defendant Raygoza and Defendant Amazon Logistics, Inc.)**

80. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 79 of Plaintiff's Complaint for Damages as if fully set forth herein.

81. As a direct and proximate result of the Crash, Plaintiff suffered injuries to his neck, back, spine, torso, head, brain, hand, wrist, arm, and all of the bones, joints, muscles, tendons, ligaments, nerves, skin, vessels, and intervertebral discs thereof were caused to be severely bruised, contused, lacerated, sprained, strained, herniated, dislocated, and rendered swollen and inflamed; Plaintiff has suffered and will ever suffer in the future, severe fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life as a direct and proximate result thereof; and the use, movement, and function of the aforesaid injured parts have been severely and permanently impaired and diminished.

82. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff was caused to undergo certain reasonable and necessary hospital and medical care and treatment, for which Plaintiff has been caused to incur or become

indebted in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as of the date of this filing.

83. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff will be caused to undergo future medical care and treatment and to incur or become indebted for further such large sums.

84. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff's ability to work, to labor, and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

85. At all relevant times herein mentioned, Defendant Raygoza was an employee and/or agent for Defendant Amazon Logistics, Inc. and Defendant Raygoza was acting within the scope and course of his employment and/or agency for Defendant Amazon Logistics, Inc.

86. Defendant Raygoza was driving Defendants' Vehicle, hauling a trailer owned by Defendant Amazon Logistics, Inc., with its logo prominently displayed on the side.

87. At all material times herein mentioned, Defendants owed a duty to Plaintiff and others to exercise the highest degree of care in driving Defendants' Vehicle, and in the hauling of the Amazon Trailer.

88. At the time and place of the Crash, Defendant Raygoza and Defendant Planet Group, Inc., were acting under the direction and control of Defendant Amazon Logistics, Inc.

89. Defendant Amazon Logistics, Inc., gave consent and/or permission to Defendant Planet Group, Inc. and to Defendant Raygoza to act and perform under Defendant Amazon Logistics, Inc.'s direction and control and is vicariously liable for Defendant Planet Group, Inc. and Defendant Raygoza's actions.

90. Defendant Amazon Logistics, Inc., by and through the acts and omissions of Defendant Raygoza, breached its duty to Plaintiff and others in one or more of the following respects, to-wit:

a. Defendant Raygoza negligently and carelessly failed to keep and maintain a constant, careful, and vigilant watch and lookout ahead and laterally as to see and discover the presence and movement of other vehicles and hazards at and near the aforesaid location;

b. Defendant Raygoza negligently and carelessly failed to leave adequate space between Defendants' Vehicle and others on the roadway;

c. Defendant Raygoza negligently and carelessly operated Defendants' Vehicle at a rate of speed that was high, excessive, and dangerous under the circumstances and conditions then and there existing;

d. Defendant Raygoza negligently and carelessly failed to comply with the posted speed limit;

e. Defendant Raygoza negligently and carelessly failed to reduce speed, operating a motor carrier at an excessive speed for the conditions;

f. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle in an overly aggressive manner;

g. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle while fatigued;

h. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle while distracted;

i. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle while searching for, reaching for, holding, and/or using a cell phone;

j. Defendant Raygoza negligently and carelessly drove Defendants' Vehicle in a careless and reckless manner;

k. Defendant Raygoza negligently and carelessly failed to observe Plaintiff's Vehicle;

l. Defendant Raygoza negligently and carelessly violated Federal Motor Carrier Safety Regulations;

m. Defendant Raygoza negligently and carelessly collided with Plaintiff's Vehicle;

n. Defendant Raygoza negligently and carelessly failed to attend to the roadway;

o. Defendant Raygoza negligently and carelessly failed to stop Defendants' Vehicle, slacken the speed thereof, change the course thereof, swerve the same aside, or sound a warning of his approach and movement, when, in the exercising of the highest degree of care, he could and should have done so and thereby avoided the aforesaid occurrence in the resulting injuries sustained by Plaintiff; and

p. Such further negligence and careless acts and omissions as the evidence and discovery will reveal.

91. The conduct of Defendants as described above and herein demonstrated a gross indifference and a willful, wanton, and reckless and conscious disregard for the safety of Plaintiff and others, justifying an award of aggravating circumstance damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Keith White states that he has been damaged, for which damage Plaintiff prays judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is just, fair, and adequate under the circumstances, for aggravating

circumstances damages, together with punitive damages, pre-judgment interest, and his costs in this behalf expended, and for such other relief that this Court deems just and proper under these circumstances.

**COUNT V**

**(Negligence *Per Se* - Against Defendant Raygoza and Amazon Logistics, Inc.)**

92. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 91 of Plaintiff's Complaint for Damages as if fully set forth herein.

93. As a direct and proximate result of the Crash, Plaintiff suffered injuries to his neck, back, spine, torso, head, brain, hand, wrist, arm, and all of the bones, joints, muscles, tendons, ligaments, nerves, skin, vessels, and intervertebral discs thereof were caused to be severely bruised, contused, lacerated, sprained, strained, herniated, dislocated, and rendered swollen and inflamed; Plaintiff has suffered and will ever suffer in the future, severe fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life as a direct and proximate result thereof; and the use, movement, and function of the aforesaid injured parts have been severely and permanently impaired and diminished.

94. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff was caused to undergo certain reasonable and necessary hospital and medical care and treatment, for which Plaintiff has been caused to incur or become indebted in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as of the date of this filing.

95. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff will be caused to undergo future medical care and treatment and to incur or become indebted for further such large sums.

96. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff's ability to work, to labor, and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

97. At the time and place of the Crash, Defendant Planet Group, Inc. and Defendant Raygoza were acting under the direction and control of Defendant Amazon Logistics, Inc.

98. At the time and place of the Crash, Defendant Amazon Logistics, Inc. had leased the Amazon Trailer to Defendant Planet Group, Inc., with Defendant Amazon Logistics, Inc.'s logo prominent on the side.

99. Defendant Amazon Logistics, Inc. gave consent and/or permission to Defendant Planet Group, Inc. and Defendant Raygoza to act and perform under Defendant Amazon Logistics, Inc.'s direction and control and is vicariously liable for Defendant Planet Group, Inc. and Defendant Raygoza's actions.

100. Defendants owed a duty to Plaintiff and others to exercise the highest degree of care in the hauling of its trailer and the driving of Defendants' Vehicle. This duty includes refraining from violating Federal and Missouri statutes, ordinances, and municipal codes.

101. The acts and omissions set forth above constituted violations of the Missouri Revised Statutes regarding the regulation of motor vehicles and traffic as set forth with more specificity in Chapter 300, 304, and 307 of the Missouri Revised Statutes, including but not limited to: Mo. Rev. Stat. §§ 304.012, 304.822, and 307.020.

102. The acts and omissions set forth above constituted violations of the Federal Motor Carrier Safety Regulations regarding the regulation of motor vehicles as set forth with more specificity in Chapter 390, 392, 397, and 571 of the Code of Federal Regulations, including but not limited to: 49 CFR §§ 390.11, 392.1, 392.3, 392.7, 392.9, 392.14, 392.80, 392.82, and 393.11.

103. The subject statutes, codes, and regulations, including the provisions referenced above, are designed to protect Plaintiff and members of the public generally from the hazards that arise from the operation of motor vehicles.

104. Plaintiff was within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiff sustained.

105. The conduct of Defendants as described above demonstrated a gross indifference and a willful, wanton, and reckless and conscious disregard for the safety of Plaintiff and others, justifying an award of aggravating circumstance damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Keith White states that he has been damaged, for which damage Plaintiff prays judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, together with punitive damages, pre-judgment interest, and his costs in this behalf expended, and for such other relief that this Court deems just and proper under these circumstances.

**COUNT VI**

**(Negligence – Against Defendant Amazon Logistics, Inc.)**

106. Plaintiff hereby incorporates by reference each and every allegation set forth in Paragraphs 1 through 105 of Plaintiff's Complaint for Damages as if fully set forth herein.

107. As a direct and proximate result of the Crash, Plaintiff suffered injuries to his neck, back, spine, torso, head, brain, hand, wrist, arm, and all of the bones, joints, muscles, tendons, ligaments, nerves, skin, vessels, and intervertebral discs thereof were caused to be severely bruised, contused, lacerated, sprained, strained, herniated, dislocated, and rendered swollen and

inflamed; Plaintiff has suffered and will ever suffer in the future, severe fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life as a direct and proximate result thereof; and the use, movement, and function of the aforesaid injured parts have been severely and permanently impaired and diminished.

108. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff was caused to undergo certain reasonable and necessary hospital and medical care and treatment, for which Plaintiff has been caused to incur or become indebted in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as of the date of this filing.

109. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff will be caused to undergo future medical care and treatment and to incur or become indebted for further such large sums.

110. As a further direct and proximate result of the Crash and the resulting injuries and damages sustained by Plaintiff, Plaintiff's ability to work, to labor, and to enjoy the ordinary pursuits of life have been seriously and permanently impaired and diminished.

111. At all relevant times herein mentioned, Defendant Raygoza was an employee and/or an agent for Defendant Amazon Logistics, Inc. and Defendant Raygoza was acting within the scope and course of his employment and/or agency for Defendant Amazon Logistics, Inc.

112. At all relevant times herein mentioned, Defendant Amazon Logistics, Inc. had a duty to exercise reasonable care in hiring, training, monitoring, supervising, and retaining its employee and agent haulers, including Defendant Raygoza.

113. Defendant Raygoza was hauling a trailer owned by Defendant Amazon Logistics, Inc. with Defendant Amazon Logistics, Inc.'s logo prominently displayed on the side, and Defendant Amazon Logistics, Inc. is vicariously liable for Defendant Raygoza's actions.

114. The Crash occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant Amazon Logistics, Inc. in the following respects, to wit:

a. Defendant Amazon Logistics, Inc., negligently and carelessly allowed Defendant Raygoza and Defendant Planet Group, Inc. to haul trailers and operate motor vehicles on public roadways when it knew or should have known Defendant Raygoza was unfit to do so;

b. Defendant Amazon Logistics, Inc., negligently and carelessly qualified Defendant Raygoza and Defendant Planet Group, Inc. to operate motor vehicles on public roadways;

c. Defendant Amazon Logistics, Inc., negligently and carelessly hired Defendant Raygoza and/or Defendant Planet Group, Inc.;

d. Defendant Amazon Logistics, Inc., negligently and carelessly retained Defendant Raygoza and Defendant Planet Group, Inc.;

e. Defendant Amazon Logistics, Inc., negligently and carelessly entrusted a trailer to Defendant Raygoza and Defendant Planet Group, Inc.;

f. Defendant Amazon Logistics, Inc., negligently and carelessly supervised Defendant Raygoza and Defendant Planet Group, Inc.;

g. Defendant Amazon Logistics, Inc., negligently and carelessly trained Defendant Raygoza and Defendant Planet Group, Inc.;

h. Defendant Amazon Logistics, Inc., negligently and carelessly failed to maintain proper and adequate policies and procedures regarding safe driving, especially where rainy and/or wet road conditions were present, and including but not limited to policies restricting the use of a cell phone while operating a commercial vehicle; and

i. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

115. The conduct of Defendants as described above and herein demonstrated a gross indifference and a willful, wanton, and reckless and conscious disregard for the safety of Plaintiff and others, justifying an award of aggravating circumstance damages in such sum which will serve to punish Defendants and deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Keith White states that he has been damaged, for which damage Plaintiff prays judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, together with punitive damages, pre-judgment interest, and his costs in this behalf expended, and for such other relief that this Court deems just and proper under these circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: June 24, 2026

Respectfully submitted,

KEANE LAW LLC

By: /s/ *Ryan A. Keane*

Ryan Keane #62112 (MO)
Kyle P. Krause #72891 (MO)
7711 Bonhomme Ave # 600
St. Louis, Missouri 63105
Phone (314) 391-4700
Fax (314) 244-3778
ryan@keanelawllc.com
kyle@keanelawllc.com

*Attorneys for Plaintiff*